UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARCO ROMAN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>)<br>KELLY RYAN, )<br>)<br>Respondent. )<br>) | CIVIL ACTION<br>NO. 12-30160-TSH |

## MEMORANDUM AND ORDER ON PETITIONER'S MOTION FOR ORDER TO STAY AND HOLD IN ABEYANCE 28 U.S.C. § 2254 PETITION

**October 10, 2014**

HILLMAN, D.J.

Marco Roman ("Petitioner") filed a Petition for a Writ of Habeas Corpus as a person in state custody in accordance with 28 U.S.C. § 2254. On May 2, 2014, Petitioner filed a motion seeking a stay and abeyance of the petition so that he could exhaust an ineffective assistance of counsel claim in state court, and then if necessary, amend the habeas petition to include the claim. For the reasons set forth below, the motion is ***denied***.

**Background**

On September 29, 2008, a Hampden Superior Court jury found Petitioner guilty of rape and indecent assault and battery of a child. Specifically, Petitioner was convicted of six counts of rape of a child by force, one count of rape of a child (statutory rape), one count of indecent assault and battery on a child under fourteen, and one count of indecent assault and battery on a person over fourteen. Petitioner was sentenced to concurrent twelve-to-fifteen year terms in state

1

prison for each rape count, to run concurrently with two three-to-five year prison terms for each indecent assault and battery count. Petitioner, represented by different counsel than at trial, timely appealed to the Massachusetts Appeals Court ("MAC"). He raised two claims: (1) the prosecutor's improper closing argument deprived Petitioner of a fair trial; and (2) the trial judge abused his discretion by amending one count of rape of a child by force to the lesser-included offense of statutory rape. The MAC affirmed Petitioner's convictions on March 10, 2011. *Commonwealth v. Roman*, 79 Mass. App. Ct. 1102, 942 N.E.2d 1017 (2011). Petitioner sought further appellate review by the Massachusetts Supreme Judicial Court ("SJC"), but the application was denied on April 27, 2011. *Commonwealth v. Roman*, 459 Mass. 111, 947 N.E. 2d 43 (2011).

On June 14, 2011, Petitioner filed a *pro se* motion for release from unlawful restraint and for a new trial pursuant to Mass. R. Crim. P. 30(a) and (b). The motion alleged that the trial court erred in submitting to the jury the count of statutory rape because Petitioner had only been charged with rape of a child by force. The motion was denied by the Superior Court. Petitioner appealed the denial, contending again that it was error for the trial judge to submit to the jury the charge of statutory rape when Petitioner had only been charged with rape of a child by force. The MAC affirmed the orders denying Petitioner's post-conviction motions on March 2, 2012. *Commonwealth v. Roman*, 81 Mass. App. Ct. 1118, 962 N.E.2d 245 (2012). On July 23, 2012, the SJC denied Petitioner's application for further appellate review. *Commonwealth v. Roman*, 462 Mass. 1103, 967 N.E.2d 635 (2012).

Petitioner filed a Petition for Writ of Habeas Corpus in this Court, *pro se*, on September 12, 2012. The petition alleges three grounds for relief: (1) the prosecutor's improper closing argument deprived Petitioner of a fair trial; (2) the trial judge abused his discretion by amending

one count of rape of a child by force to the lesser included offense of statutory rape; (3) the trial judge erred by submitting a count to the jury that had not been charged. However, on May 2, 2014, Petitioner filed the instant motion to stay and hold in abeyance his petition. Petitioner seeks a stay so that he can file and exhaust in state court an additional claim of ineffective assistance of counsel. Petitioner intends, if necessary following exhaustion in state court, to amend the habeas petition to include that claim.

## **Discussion**

A federal court may not consider a petition for a writ of habeas corpus filed under § 2254 unless the petition has exhausted state court remedies for all claims raised in the petition. 28 U.S.C. § 2254(b)(1). Generally, a federal court presented with a "mixed" petition—one that includes both exhausted and unexhausted claims—must dismiss the petition or allow the petitioner to voluntarily dismiss the unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 515, 520, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Under some limited circumstances, however, a federal court may stay a mixed petition and hold it in abeyance while the petitioner exhausts remedies in state court. *Rhines v. Weber*, 544 U.S. 269, 278, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). Once unexhausted claims have become exhausted in state court, the petitioner may proceed again with the habeas petition in federal court. *Id.* This procedure, approved by the Supreme Court in *Rhines v. Weber*, allows petitioners to exhaust state remedies and then return to federal court without running afoul of AEDPA's statute of limitations.[1] *Id.* at 275.

However, because granting a stay frustrates AEDPA's twin aims of encouraging finality of convictions and streamlining federal habeas proceedings, a stay is only appropriate where the

---

[1] The Supreme Court approved the stay-and-abeyance procedure in light of the fact that, "[a]s a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy*'s dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." *Rhines*, 544 U.S. at 275, 125 S.Ct. 1528.

3

petitioner shows "that there was 'good cause' for failing to exhaust the state remedies, the claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory tactics." *Josselyn v. Dennehy*, 475 F.3d 1, 4 (1st Cir. 2007) (citing *Rhines*, 544 U.S. at 278, 125 S.Ct. 1528). The requirement to show good cause may be applied more loosely for *pro se* petitioners who were not represented by counsel during the state proceedings. *Id.* at 5 n.3.

Here, Petitioner seeks to delay resolution of his § 2254 petition in order to exhaust an ineffective assistance of counsel claim in state court, and then if necessary at a later date, amend the habeas petition to include the claim. As Petitioner has not yet amended the petition to include the ineffective assistance claim, it is not a typical "mixed" petition that includes both exhausted and unexhausted claims. However, Petitioner's motion to stay is analogous to a mixed petition because "its obvious purpose is to allow for the amendment of the petition to include the currently unexhausted claim." *Womack v. Saba*, No. 11-40138-FDS, 2012 WL 685888 (D. Mass. March 1, 2012) (considering a habeas petition to be mixed where petitioner indicated in a motion to stay that he intended to amend the petition later to add an unexhausted claim); *cf. Heleva v. Brooks*, 581 F.3d 187, 191 (3d Cir. 2009) (holding that stay-and-abeyance may be utilized "in at least some limited circumstances beyond the presentation of a mixed petition"). Therefore I treat the petition as mixed for purposes of the stay-and-abeyance analysis.[2]

Petitioner essentially argues that good cause for a stay is established because he is *pro se* and did not have the legal knowledge to exhaust his ineffective assistance claim in state court before filing the habeas petition.[3] Specifically, Petitioner asserts that he recently learned from a

---

[2] The Commonwealth does not concede that the petition's existing three claims have been exhausted. I do not decide that issue here. I treat the petition as mixed only for the purpose of analyzing whether Petitioner has made the requisite showing for a stay with respect to his ineffective assistance claim, which all parties agree is unexhausted.

[3] Petitioner cites *Nowaczyk v. Warden, New Hampshire State Prison* for the proposition that "when unusual circumstances . . . make it imprudent to address the § 2254 petition immediately" a stay should be issued instead of dismissal. 299 F.3d 69, 80 (1st Cir. 2002) (internal quotations omitted). *Nowaczyk* was decided before the Supreme

<mark>4</mark>

fellow inmate that the criminal defendant—not the defense attorney—must make the final decision whether to testify at trial.[4] Petitioner also asserts that he cannot read or write, and that he depends entirely on legal assistance from other inmates.

There is little authority on what constitutes "good cause" for failing to exhaust state remedies. Relevant cases from the First Circuit make clear the bar for petitioners is high. *See Josselyn*, 475 F.3d at 5 (finding that appellate attorney's erroneous belief that claims had already been exhausted was insufficient to show good cause for a stay). A petitioner's *pro se* status, in and of itself, cannot establish good cause. *See Sullivan v. Saba*, 840 F. Supp. 2d 429, 437 (D. Mass. 2012) (citing *Lundy*, 455 U.S. at 520, 102 S.Ct. 1198). This is especially true where, as here, the petitioner was represented by counsel during state appellate proceedings. *Womack*, 2012 WL 685888 at *3. A decision by an attorney "to omit some claims [in state appellate proceedings] cannot amount to good cause" for a stay. *Clements v. Maloney*, 485 F.3d 158, 170 (1st Cir. 2007). Nor does "ignorance of the law" excuse a failure to exhaust state remedies. *Josselyn*, 475 F.3d at 5. Further, "a claim for ineffective assistance of counsel alone does not present good cause for a stay and abeyance." *Womack*, 2012 WL 685888 at *4. However, at least one circuit has found that the ineffective assistance of appellate counsel can be sufficient to show good cause for failure to exhaust state remedies. *See Blake v. Baker*, 745 F.3d 977 (9th Cir. 2014) (finding good cause for a stay where appellate counsel failed to adequately investigate the facts underlying a potential ground for appeal).

---

Court's decision in *Rhines v. Weber*, which created the "good cause" standard for stays of habeas petitions. However, construing the submission liberally, I interpret Petitioner's motion as an argument that Petitioner's lack of education and legal knowledge constitute good cause for a stay. *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (observing that filings by *pro se* prisoners should be liberally construed and are generally held to less stringent standards than formal pleadings by a lawyer).

[4] Although the details are not spelled out in this motion, Petitioner presumably intends to bring an ineffective assistance claim on the ground that the defense attorney did not allow Petitioner to testify at trial.

Under any interpretation of the *Rhines* good cause requirement, Petitioner has not made a sufficient showing.[5] As stated above, Petitioner's *pro se* status is not enough on its own to warrant a stay. *See Sullivan*, 840 F. Supp. 2d at 437. Similarly, the nature of Petitioner's new claim—ineffective assistance of trial counsel—does not in itself provide an explanation for the failure to exhaust. *See Womack*, 2012 WL 685888 at *4. Neither Petitioner's misunderstanding of the roles of attorney and defendant at trial, nor his inability to read and write, would have prevented his appellate attorney from raising the ineffective assistance claim on appeal to the MAC and SJC. Further, there is no indication—and Petitioner does not allege—that appellate counsel failed to investigate all grounds for appeal, or was otherwise deficient in his performance. Where counsel focuses on some issues to the exclusion of others, as the appellate attorney did here, "there is a strong presumption that he did so for tactical reasons rather than through sheer neglect." *Knight v. Spencer*, 447 F.3d 6, 17 (1st Cir. 2006) (quoting *Yarborough v. Gentry*, 540 U.S. 1, 5, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003)). Therefore, the performance of Petitioner's appellate attorney cannot be a ground for a stay. *See Clements*, 485 F.3d at 170 (holding that an attorney's tactical decision to omit claims on appeal cannot amount to good cause.)

Petitioner offers no other explanation for the failure to exhaust his ineffective assistance claim. Without more, the facts cited by Petitioner are insufficient to make a showing of good cause under *Rhines*. Therefore, a stay and abeyance is not appropriate.

---

[5] As a threshold matter, Petitioner is not entitled to latitude afforded to *pro se* petitioners attempting to show good cause because he was represented by an attorney during the state appellate proceedings. *See Josselyn*, 475 F.3d at 5 n.3 (concluding that the Supreme Court's concern about imposing a strict good cause requirement on *pro se* prisoners was not implicated where the petitioner was represented by counsel throughout the state proceedings).

## **Conclusion**

For the reasons stated above, Petitioner's Motion for Order to Stay and Hold in Abeyance 28 U.S.C. § 2254 Petition is ***denied***.

SO ORDERED.

                                                          */s/ Timothy S. Hillman*
                                                          TIMOTHY S. HILLMAN
                                                          DISTRICT JUDGE